UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN WRIGHT,<br>          Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br>          Defendant. | CIVIL ACTION<br>NO. 1:25-CV-01077-VMC-JEM |

## DEFENDANT HONEYWELL INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Honeywell International Inc. ("Defendant"), through its undersigned counsel, and answers the numbered paragraphs of Plaintiff Justin Wright's ("Plaintiff") Complaint as follows:

**INTRODUCTION**

1.  Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and that Plaintiff alleges unlawful religious discrimination, failure to accommodate, and wrongful termination. Defendant denies that it engaged in any conduct that gives rise to Plaintiff's claims.

2.  Defendant admits that it required employees, including Plaintiff, to complete Mandatory Unconscious Bias Training. Defendant denies that Plaintiff had a reasonable belief that the training was inconsistent with his religious beliefs.

Defendant lacks knowledge or information sufficient to form a belief as to the allegation regarding Plaintiff being a practicing Christian and therefore, denies same.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Defendant admits Plaintiff purports to bring this action under Title VII and that jurisdiction arises pursuant to 28 U.S.C. § 1331 and 1343.

5. Defendant admits venue is proper in this district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 200e-5(f)(3). Defendant admits that it maintains operations in the Northern District of Georgia where Plaintiff was employed. Defendant denies all remaining allegations contained in Paragraph 5.

**PARTIES**

6. Defendant admits that Plaintiff is a former employee. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's residency and his being a practicing Christian and therefore, denies same. Defendant states the allegation that Plaintiff was an "employee" under Title VII sets forth a legal conclusion to which no response is required but, to the extent a response is required, Defendant admits Plaintiff was an "employee" under Title VII. Defendant denies the remainder of the allegations contained in Paragraph 6.

7. Defendant admits it is a multinational corporation registered to do business in Georgia. Defendant states the allegation that Defendant was an "employer" under Title VII sets forth a legal conclusion to which no response is required but, to the extent a response is required, Defendant admits it is an "employer" under Title VII. Defendant denies the remainder of the allegations contained in Paragraph 7.

**FACTUAL ALLEGATIONS**

**Plaintiff's Employment and Performance Record**[1]

8. Defendant admits that Plaintiff was employed by Defendant for approximately five years. Defendant denies the remainder of the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

**The Mandatory Unconscious Bias Training, Hostility Towards Religion, and Plaintiff's Religious Objections**

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

---

[1] Plaintiff's headings are argumentative, set forth no allegations and require no response. To the extent that a response is required, Defendant denies the allegations, statements made in the headings.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegation that Plaintiff "walked away from the training with a belief that the training violated his sincerely held religious beliefs" and therefore, denies same. Defendant denies that the training violated Plaintiff's sincerely held religious beliefs and Defendant further denies that the training violated Title VII or any other law.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegation regarding Plaintiff's beliefs as set forth in Paragraph 14 and therefore, denies same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegation regarding Plaintiff's beliefs as set forth in Paragraph 15 and therefore, denies same.

16. Defendant denies all allegations contained in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegation regarding Plaintiff's beliefs as set forth in Paragraph 17 and therefore, denies same. Defendant denies all remaining allegations contained in Paragraph 17.

18. Defendant denies all allegations contained in Paragraph 18.

19. Defendant denies all allegations contained in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegation regarding Plaintiff's religious beliefs and therefore, denies same.

Defendant denies all remaining allegations contained in Paragraph 20.

21. Defendant admits that it did not send employees "faith-based corporate messaging or invitations to faith-centered events."

22. Defendant denies all allegations contained in Paragraph 22.

23. Defendant admits that it did not offer "faith-based or religious-centered events" to employees.

24. Defendant denies all allegations contained in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief regarding the allegation that Plaintiff sent an email to EmployeeNetworks@honeywell.com, and therefore denies same. Defendant denies it has a bias against religion and denies all remaining allegations contained in paragraph 25.

26. Defendant lacks knowledge of information sufficient to form a belief regarding the allegations contained in Paragraph 26 and therefore, denies same.

27. Defendant lacks knowledge of information sufficient to form a belief regarding the allegations contained in Paragraph 27 and therefore, denies same.

28. Defendant admits that it has employee groups. Defendant denies all remaining allegations contained in Paragraph 28.

29. Defendant admits that it does not have an employee network centered on religion. Defendant denies all remaining allegations contained in Paragraph 29.

30. Defendant admits that in 2024 it required all employees, including Plaintiff, to take unconscious bias training. Defendant denies all remaining allegations contained in Paragraph 30.

31. Defendant admits the allegations contained in Paragraph 31.

32. Defendant admits that Plaintiff raised an objection to the training. Defendant denies all remaining allegations contained in Paragraph 32.

33. Defendant admits that Plaintiff raised an objection to the training. Defendant denies all remaining allegations contained in Paragraph 33.

34. Defendant admits that Plaintiff raised an objection to the training. Defendant denies all remaining allegations contained in Paragraph 34.

35. Defendant admits that it communicated to Plaintiff that his refusal to take the training would be considered insubordination and that he would be terminated. Defendant denies all remaining allegations contained in Paragraph 35.

36. Defendant denies making threats and denies hostility towards Plaintiff's faith. Defendant admits that Plaintiff sent an email to Corric Cummings, HR Partner, on or about June 18, 2024, and this email is a writing that speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 36 of the Complaint conflict with the text of said email, those allegations are denied. Defendant denies all remaining allegations contained in Paragraph 36.

37. Defendant admits that Corric Cummings responded to Plaintiff and this email is a writing that speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 37 of the Complaint conflict with the text of said email, those allegations are denied. Defendant denies all remaining allegations contained in Paragraph 37.

**Honeywell's Threats, Discrimination, and Refusal to Accommodate**

38. Defendant admits that Ms. Cummings was informed that his refusal to take the training would be considered insubordination and that he would be terminated. Defendant denies all remaining allegations contained in Paragraph 38.

39. Defendant admits that Plaintiff raised an objection to the training. Defendant denies all remaining allegations contained in Paragraph 39.

40. Defendant admits that Plaintiff requested not to take the training. Defendant denies all remaining allegations contained in Paragraph 40.

41. Defendant denies that the 2024 training was the same training Plaintiff had previously completed. Defendant denies all remaining allegations contained in Paragraph 41.

42. Defendant denies that the 2024 training was the same training Plaintiff had previously completed. Defendant denies all remaining allegations contained in Paragraph 42.

43. Defendant denies all allegations contained in Paragraph 43.

44. Defendant denies all allegations in Paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 45 and therefore, denies same.

46. Defendant denies all allegations contained in Paragraph 46.

47. Defendant denies all allegations contained in Paragraph 47.

48. Defendant denies all allegations contained in Paragraph 48.

49. Defendant denies all allegations contained in Paragraph 49.

**Plaintiff's Termination**

50. Defendant admits the allegations contained in Paragraph 50.

51. Defendant admits that Plaintiff's employment was terminated. Defendant denies all remaining allegations contained in Paragraph 51.

52. Defendant denies all allegations contained in Paragraph 52.

53. Defendant admits that Plaintiff was terminated on or about August 30, 2024. Defendant denies all remaining allegations contained in Paragraph 53.

54. Defendant admits that Plaintiff received a termination letter. Defendant denies all remaining allegations contained in Paragraph 54.

55. Defendant admits that Plaintiff was sent a termination letter after he requested such a letter. Defendant denies that it is required to provide a termination letter or provide a substantive explanation for termination in a termination letter. Defendant denies all remaining allegations contained in Paragraph 55.

**CLAIMS FOR RELIEF**

### COUNT I – VIOLATION OF TITLE VII (42 U.S.C. § 200e-2(a)) – RELIGIOUS DISCRIMINATION

56. Defendant incorporates all answers to prior paragraphs as if fully stated herein.

57. Defendant states the allegations contained in Paragraph 57 contain legal conclusions to which no response is required but, to the extent a response is required, Defendant admits the allegations contained in Paragraph 57.

58. Defendant denies all allegations contained in Paragraph 58.

59. Defendant denies that the 2024 training was the same training that Plaintiff had previously taken and Defendant denies all allegations contained in Paragraph 59.

60. Defendant denies all allegations contained in Paragraph 60.

61. Defendant denies all allegations contained in Paragraph 61.

62. Defendant denies all allegations contained in Paragraph 62.

63. Defendant denies all allegations contained in Paragraph 63.

64. Defendant denies all allegations contained in Paragraph 64.

65. Defendant denies all allegations contained in Paragraph 65.

66. Defendant denies all allegations contained in Paragraph 66.

67. Defendant admits only that Plaintiff seeks the relief requested, but denies that it engaged in or is liable for any wrongful conduct, and denies that

9

Plaintiff's requested relief, or any other relief to Plaintiff, is warranted or appropriate.

## COUNT II – VIOLATION OF TITLE VII – FAILURE TO ACCOMMODATE[2]

[11] 68.   Defendant incorporates all answers to prior paragraphs as if fully stated herein.

[12] 69.   Defendant states the allegations contained in Paragraph 69 contain legal conclusions to which no response is required but, to the extent a response is required, Defendant admits the allegations contained in Paragraph 69.

[13] 70.   Defendant denies all allegations contained in Paragraph 70.

[14] 71.   Defendant denies all allegations contained in Paragraph 71.

[15] 72.   Defendant denies all allegations contained in Paragraph 72.

[16] 73.   Defendant denies that the 2024 training was the same training that Plaintiff had previously taken and Defendant denies all allegations contained in Paragraph 73.

[17] 74.   Defendant denies all allegations contained in Paragraph 74.

[18] 75.   Defendant denies all allegations contained in Paragraph 75.

---

[2] Count II of Plaintiff's Complaint is number as Paragraphs 11-20. Defendant's answer properly continues numbering at Paragraph 68 while also setting forth in brackets the numbered paragraph used in the Complaint.

[19] 76.     Defendant denies all allegations contained in Paragraph 76.

[20] 77.     Defendant admits only that Plaintiff seeks the relief requested, but denies that it engaged in or is liable for any wrongful conduct, and denies that Plaintiff's requested relief, or any other relief to Plaintiff, is warranted or appropriate.

## COUNT III – VIOLATION OF TITLE VII – RETALIATION[3]

[21] 78.     Defendant incorporates all answers to prior paragraphs as if fully stated herein.

[22] 79.     Defendant denies all allegations contained in Paragraph 79.

[23] 80.     Defendant denies all allegations contained in Paragraph 80.

[24] 81.     Defendant denies all allegations contained in Paragraph 81.

[25] 82.     Defendant denies all allegations contained in Paragraph 82.

[26] 83.     Defendant denies all allegations contained in Paragraph 83.

[27] 84.     Defendant denies all allegations contained in Paragraph 84.

[28] 85.     Defendant denies all allegations contained in Paragraph 85.

[29] 86.     Defendant denies all allegations contained in Paragraph 86.

[30] 87.     Defendant denies all allegations contained in Paragraph 87.

---

[3] Count III of Plaintiff's Complaint is number as Paragraphs 21-30. Defendant's answer properly continues numbering at Paragraph 78 while also setting forth in brackets the numbered paragraph used in the Complaint.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to judgment in his favor, that Defendant committed any unlawful act, and that Plaintiff is entitled to any form of legal or equitable relief requested in the unnumbered "Prayer for Relief" paragraph including its subparts (a) through (j) following Paragraph 87.

**JURY DEMAND**

Defendant admits that Plaintiff has demanded a jury trial but states Plaintiff is not entitled to a jury trial because Defendant is entitled to judgment as a matter of law.

**GENERAL DENIAL**

Defendant denies each and every allegation of fact and conclusion of law contained in the Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

<strong><u>AFFIRMATIVE AND OTHER DEFENSES</u></strong>

Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint. Insofar as any of the following expresses denial of an element of the claims, or any of them, alleged against Defendant, such expression is in no way intended as a concession that Plaintiff is relieved of his burden to prove each and every element

of any such claim. Defendant does not assume the burden on any defense asserted that is adjudged not to be an affirmative defense whether listed here or not.

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SECOND DEFENSE

Any injuries suffered by Plaintiff were caused by his own conduct and/or consent to the conduct set forth in the Complaint.

## THIRD DEFENSE

Plaintiff's Complaint should be dismissed and/or judgment accorded to Defendant, in whole or in part, on the grounds that at all relevant times Defendant published, disseminated, and enforced an internal policy against discrimination, harassment, and retaliation, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

## FOURTH DEFENSE

All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons that were in no way related to any protected activity or characteristic.

**FIFTH DEFENSE**

Even assuming any unfavorable personnel action was taken against Plaintiff in which an impermissible consideration was a factor – which Defendant denies – Defendant would have taken the same action even in the absence of the impermissible consideration.

**SIXTH DEFENSE**

If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

**SEVENTH DEFENSE**

Plaintiff is not entitled to any award for lost back wages for any period during which he was unable to work.

**EIGHTH DEFENSE**

Plaintiff's damages, if any, may be reduced or offset by virtue of any recovery he has obtained or may obtain from any other source as a result of any workers' compensation claim, unemployment benefits, disability benefits, or other employment.

## NINTH DEFENSE

Plaintiff has an obligation to mitigate his damages and has failed to do so.

## TENTH DEFENSE

Plaintiff's claims, in whole or in part, are foreclosed and his damages limited by the after-acquired evidence doctrine.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of estoppel, waiver, unclean hands, and/or laches, including, but not limited to, that Plaintiff's own actions were in contravention of Defendant's policies and procedures and/or his own actions led to any employment actions he is now claiming to be discriminatory.

## TWELTH DEFENSE

Some or all of the relief Plaintiff seeks is barred or limited by applicable statutory damage caps under federal law.

## THITEENTH DEFENSE

Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of misconduct was such that Defendant did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages, and Defendant may not be held liable for any such alleged injuries or damages.

## FOURTEENTH DEFENSE

Defendant engaged in good faith efforts to comply with civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state and/or federal law, and therefore, Plaintiff fails to state a claim for punitive or liquidated damages.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses thereto, Defendant prays that Plaintiff's Complaint be dismissed in its entirety, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant recover its costs and reasonable attorneys' fees incurred in this matter, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 3rd day of June, 2025.

/s/ *Natalie N. Turner*
Natalie N. Turner
Georgia Bar No. 719646
OGLETREE, DEAKINS, NASH,

  SMOAK & STEWART, P.C.
191 Peachtree St., N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300
natalie.turner@ogletree.com
*Counsel for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN WRIGHT,<br>    Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br>    Defendant. | CIVIL ACTION<br>NO. 1:25-CV-01077-VMC-JEM |

## CERTIFICATE OF SERVICE

I certify that on June 3, 2025, I electronically filed DEFENDANT HONEYWELL INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    Noah Green
    HENEFELD & GREEN, P.C.
    3017 Bolling Way NE, Suite 129
    Atlanta, GA 30305
    ngreen@henefeldgreen.com


    <u>s/ *Natalie N. Turner*</u>
    Natalie N. Turner
    Georgia Bar No. 719646
    natalie.turner@ogletree.com